[Civ. No. 17854.   Second Dist., Div. Two.   Oct. 17, 1950.]

BEULAH CLARK ADAMS, Appellant, v. R. E. ALLEN et al., Respondents.

Manuel Ruiz, Jr., for Appellant.

Meserve, Mumper & Hughes and Hewlings Mumper for Respondents.

MOORE, P. J.—Appellant as one of several lessors brought this action to compel a declaration of the respective rights and duties of the parties for an accounting of the partnership of which she is a member and for judgment for her share of undistributed royalties. Allen subsequently dissolved the partnership and filed his cross-complaint for a decree of dissolution on the ground of appellant's baseless charge of fraud on the part of Allen. An interlocutory decree was entered dissolving the partnership, denying appellant relief as prayed and adjudging that she is not entitled to compel distribution of the partnership assets except such as may be available for distribution to her after payment of debts and costs of administration and liquidation.

A receiver was appointed to take over the assets, to make an inventory and a complete report with respect thereto, to sell such assets and after payment of all costs and liabilities including the debt due appellant he was to distribute the cash remaining in his possession to the partners in the percentages of their several interests.

From such judgment the matter came here on appeal.

When the court's calendar was called, appellant did not appear, but counsel for respondent stated: "The superior court has had a hearing on the matter; the receiver has determined the amount of royalty payable to the appellant, and the appellant has been paid, all in accordance with the receivership estate, and appellant making no objection, and, indeed, the division being in accordance with his contention here and the provisions of the interlocutory judgment."

In view of such statement, further discussion of the controversy would be fruitless.

Judgment affirmed.

McComb, J., concurred.

The opinion was modified to read as above printed and a petition for a rehearing was denied on November 1, 1950.